# Armstrong & Co. *v.* Nelson and Wife.

### *Motion to Affirm on Certificate.*

1. *Judgment against statutory estate of wife; right of wife to appeal, though unable to give security.*—When judgment is rendered, subjecting to sale the statutory separate estate of a married woman, and she makes and files affidavit, under section 3930 of the Code, of her inability to give security for the appeal, she is entitled to appeal without such security.

2. *Clerk's certificate to transcript on appeal; seal not necessary; what insufficient reason for refusal to send transcript.*—It is not essential that the clerk's certificate to the transcript of proceedings sent to this court on appeal, should be under the seal of the court; section 3933 of the Code requires only the clerk's certificate, without any mention of the seal; hence, the refusal, after demand by the clerk, to furnish the State revenue stamp required by section 519 of the Code to be affixed with his seal, furnishes no valid reason for his refusal to send up the transcript, or to deliver it to the appellant's attorney.

3. *Affirmance on certificate; when denied.*—Affirmance on certificate will be denied, when it appears that the failure to file the transcript was due to the fact that the clerk withheld it because the appellant did not furnish a revenue stamp, which the clerk was not authorized to demand.

CERTIFICATE OF APPEAL from the Circuit Court of Lee. Neither transcript nor briefs came to Reporter.

MANNING, J.—The certificate on which the affirmance of the judgment of the Circuit Court is asked, sets forth that appellant is a married woman, and has made and filed an affidavit under section 3930 of Code of 1876, of her inability to give security for the appeal; and the record shows that the judgment from which the appeal was prayed, subjected to sale property of the separate estate of appellant. In these circumstances, she is entitled to an appeal without security, according to the statute.

In this case, though, the certificate further shows that the clerk of the Circuit Court "refused to send up to the clerk of the Supreme Court, . . or to deliver to said appellant's attorney of record, the transcript of the proceedings in said cause, until" the revenue stamp required by section 519 to be affixed "upon each official impress of the seal" of the court, should be furnished by appellant according to section 521, to be affixed to the clerk's seal to his certificate authenticating the transcript; which stamp had not been furnished, though the clerk had demanded it.

The refusal of the clerk to deliver the transcript under these circumstances, is founded upon the idea, that it was necessary his certificate to the transcript should be authenticated by the seal of the court. But section 3933 (3492) of the Code of 1876 requires only the clerk's certificate to the transcript without any mention of the seal. And in *Bishop v. The State* (30 Ala. 34), this court held under the similar statute relating to the authentication of the record of the proceedings in one Circuit Court, in a cause transferred by \ change of venue, to another, that the seal of the court ?ed not be affixed to the certificate. "However the rule 'ght be, (says the court,) if the record of another State ?re offered, the Circuit Court of Dallas had judicial knowl- ?e who, the circuit clerk of Wilcox was." The same is ?e of the judicial knowledge of this court.

The clerk was not authorized to withhold the transcript from appellant for want of a revenue stamp. And the motion for an affirmance of the judgment below on this certificate is denied.